

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00186-CV

---

AMY WALZEL, APPELLANT

V.

FRANCI DENIO AND KYLE WALZEL, AS INDEPENDENT CO-EXECUTORS OF THE
ESTATE OF FRANCES VOGELSANG WALZEL, APPELLEES

---

On Appeal from the 20th District Court
Milam County, Texas[1]
Trial Court No. CV41233-A, Honorable James Lee Carroll, Presiding

---

January 30, 2026

## MEMORANDUM OPINION

### Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

This case, a will contest, is before us a second time. *See In re Est. of Walzel*, No. 07-23-00037-CV, 2023 Tex. App. LEXIS 7568 (Tex. App.—Amarillo Oct. 2, 2023, no pet.). In the first case, we affirmed the trial court's order admitting to probate the Last Will and Testament of Frances Vogelsang Walzel. *Id.* at *19. Now before the Court is the question

---

[1] This cause was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor's case law. TEX. R. APP. P. 41.3.

of how the will's provisions affect distribution of the estate.  We affirm the judgment of the trial court.

## BACKGROUND[2]

Appellant, Amy Walzel, and appellees, Franci Denio and Kyle Walzel, are three of five children born to Frances Vogelsang Walzel.[3]  Frances was predeceased by her husband, Joseph Walzel, to whom she was married from 1969 until his death in 2010.  When Frances died in 2021, she left a self-proving will that bequeathed her entire estate to her five children and named Franci and Kyle as co-independent executors.  Franci and Kyle filed an application to probate the will, which was contested by Amy.  *Id.* at *2.  After this Court affirmed the trial court's judgment admitting the will to probate, the cause was remanded for further proceedings.[4]

On remand, the parties filed competing claims for declaratory judgment.  Franci and Kyle sought to establish that, because of Amy's failure to satisfy the conditions precedent in the will, her share of the inheritance is limited to one-fifth of the residuary estate.  They also sought an order awarding reimbursement from the estate for the attorney's fees they incurred as co-executors defending the will.  Amy sought a declaration that the conditions precedent concerning the Decedent's bequests to her were ambiguous and/or impossible to perform.  Both parties filed motions for summary

---

[2] Because the parties are familiar with this appeal's factual and procedural background, we will not recite them in full.

[3] For clarity, we will refer to the decedent as Frances and to her children by their first names.

[4] In the prior proceeding, this Court reversed the portion of the trial court's judgment that granted Franci and Kyle's request for declaratory relief via summary judgment seeking a determination that Amy violated the in terrorem clause by contesting the will.  *Id.* at *19.

judgment on their declaratory judgment claims.  The trial court granted the motion filed by Franci and Kyle and denied Amy's motion.  Amy then filed this appeal.

**ANALYSIS**

Summary Judgment Standard of Review

When a trial court resolves a declaratory judgment action on competing motions for summary judgment, we review the propriety of the declaratory judgment under the same standards that we apply in reviewing a summary judgment.  *Hicks v. Castille*, 313 S.W.3d 874, 879 (Tex. App.—Amarillo 2010, pet. denied) (quoting *City of Galveston v. Tex. Gen. Land Off.*, 196 S.W.3d 218, 221 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).  We review a trial court's decision to grant or deny a motion for summary judgment de novo.  *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007).  We consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered.  *Id.*

Condition Precedent Clauses

At the center of this dispute are two provisions of the will, which contain conditions precedent applicable to particular bequests.  The first provision provides:

> I hereby give, devise and bequeath the property described below as follows . . . [property description omitted] . . . to my daughter, Amy Gayle Kaase on the condition that she signs and properly records the Warranty Deed from Amy Gayle Kaase, et al to Joel William Walzel conveying any and all of her undivided right, title and interest in and to the 83.10 acre tract out of the James Reed Survey, Milam County, Texas and further being in substantially the same form as provided in Exhibit "A" attached hereto and

3

incorporated herein by reference for all purposes within sixty days of the date of my death.

The second provision states:

> I give, devise and bequeath all of my interest in the Horace Mann life insurance policy to my children, equally, share and share alike on the condition that Amy Gayle Kaase signs and properly records the Warranty Deed from Amy Gayle Kaase, et al to Joel William Walzel conveying any and all of her undivided right, title and interest in and to the 83.10 acre tract out of the James Reed Survey, Milam County, Texas and further being in substantially the same form as provided in Exhibit "A" attached hereto and incorporated herein by reference for all purposes within sixty days of the date of my death.

The parties do not dispute that the "Exhibit A" referred to in these bequests was not attached to the will. Both bequests include terms decreeing what will happen to the decedent's property "[i]n the event [Amy] fails to execute and deliver the deed conveying the 83.10 acres to Joel . . . ." Amy did not sign any instrument conveying a property interest to Joel.

Alleged Ambiguity of Condition Precedent Clauses

By her first issue, Amy asserts that the will's condition precedent clauses are ambiguous. She claims that the will's reference to an exhibit that was not incorporated, incorporated by reference, or attached to the will creates an ambiguity as a matter of law. We reject this contention.

Whether a will is ambiguous is a question of law for the court. *In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.). A will is ambiguous only when the application of established rules of construction leave its terms susceptible to more than one reasonable meaning. *Steger v. Muenster Drilling Co., Inc.*,

134 S.W.3d 359, 373 (Tex. App.—Fort Worth 2003, pet. denied); *see also America's Favorite Chicken Co. v. Samaras*, 929 S.W.2d 617, 628 (Tex. App.—San Antonio 1996, writ denied) (ambiguity results when intention of parties is expressed in language susceptible of more than one meaning, not when contract is silent on a matter). Lack of clarity does not create an ambiguity. *Universal Health Servs. Inc. v. Renaissance Women's Grp., P.A.*, 121 S.W.3d 742, 746 (Tex. 2003).

Our primary concern in construing a will is to ascertain the true intent of the testator as expressed in the instrument. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). We ascertain intent from the language found within the four corners of the will. *Id.* Thus, we begin our analysis by considering the two provisions of the will at issue.

The language of the two provisions makes Amy's receipt of two bequests conditional on her performance of an obligation, and that obligation is clear: convey to Joel "any and all of her undivided right, title and interest in and to the 83.10 acre tract out of the James Reed Survey, Milam County, Texas . . . ." There is no ambiguity as to what action Frances desired Amy to take. And indeed, Amy does not profess confusion regarding the property at issue, what interest she is to convey, or the intended recipient of her interest. She claims, instead, that the absence of an Exhibit A makes it "unclear what specific deed Amy should have used to convey her interest in the property required to be conveyed."

The will does not require Amy to use a deed identical to the missing Exhibit A to fulfill the condition precedent. Instead, the will states that Amy's conveyance should be made in "substantially the same form as" Exhibit A, language indicating that the exhibit

5

provides an illustrative rather than a mandatory form. The essential information for the required conveyance is present in the will itself. The absence of Exhibit A, a non-essential exhibit, does not render the terms of the will ambiguous. *See Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 143 (Tex. App.—Dallas 2012, no pet.) (absence of referenced exhibits did not render contract invalid or ambiguous where material terms of agreement were present, allowing court to understand parties' obligations). To conclude otherwise would elevate form over substance, which we decline to do.

Thus, because the use of Exhibit A is not required by the language of the condition precedent, and because the will provides enough information for Amy to understand her obligation, we conclude that the absence of Exhibit A does not create an ambiguity as a matter of law. We overrule Amy's first issue.

In her related second issue, Amy asserts that the existence of the ambiguity caused by the absence of Exhibit A precludes summary judgment. Because we conclude that no such ambiguity exists, we overrule Amy's second issue.

Impossibility of Performance

By her third issue, Amy argues that there is a genuine issue of material fact that the condition precedent clauses were impossible to perform. She claims that, because Exhibit A was not incorporated into or attached to the will, it was impossible for her to comply with the conditions. Franci and Kyle respond that Amy failed to raise a fact issue on her impossibility defense.

Under the doctrine of impossibility of performance, a party's performance under a contract is discharged or excused when supervening circumstances make the

performance impossible or impracticable. *Garcia v. Baumgarten*, No. 03-14-00267-CV, 2015 Tex. App. LEXIS 7878, at *13–14 (Tex. App.—Austin July 30, 2015, no pet.) (mem. op.). The impossibility defense generally applies in situations involving the death or incapacity of a person necessary for performance. *Key Energy Servs., Inc. v. Eustace*, 290 S.W.3d 332, 340 (Tex. App.—Eastland 2009, no pet.). The question of impossibility is generally considered to be a question of law rather than a question of fact. *EM Bldg. Contractors Servs., LLC v. Byrd Bldg. Servs., LLC*, No. 05-19-00153-CV, 2020 Tex. App. LEXIS 6342, at *32 (Tex. App.—Dallas Aug. 11, 2020, no pet.) (mem. op.) (citing RESTATEMENT (SECOND) OF CONTRACTS, ch. 11, introductory note (1981)).

Amy's sole argument for impossibility of performance is the absence of Exhibit A.[5] Even recognizing that the will had no Exhibit A attached, we find nothing in Amy's summary judgment proof to indicate that her performance is excused under the principle of impossibility. As set forth above, the will contains sufficient information to enable Amy to fulfill the condition precedent. Moreover, Amy has not presented any evidence that she made a good faith effort to fulfill the condition but that her attempt was rejected for her failure to use a deed in substantially the same form as Exhibit A.

Therefore, we conclude that Amy failed to raise a genuine issue of material fact regarding her impossibility defense. Amy's refusal to convey her property interest left unsatisfied the condition precedent on which Frances's bequests to Amy were conditioned. Summary judgment was proper and Amy's third issue is overruled.

---

[5] Amy has not asserted, for example, that she no longer owns the property interest or that any factual or legal condition prevents her from conveying it.

7

## CONCLUSION

We conclude that the conditions precedent in Frances's will were neither ambiguous nor impossible to perform.  Accordingly, we overrule each of Amy's issues on appeal.  Because Amy failed to satisfy the conditions precedent, the trial court correctly determined that Amy's share of the estate is limited to a one-fifth share of the residuary estate.  We affirm the judgment of the trial court.


Judy C. Parker
Chief Justice